### NEWKIRK v. NATIONAL WALL PAPER CO.

(Supreme Court, Appellate Division, Second Department. January 24, 1902.)

CORPORATIONS—EMPLOYMENT—CONTRACTS BY DIRECTORS—AUTHORITY.

Plaintiff had been employed about eight years by defendant under contracts executed by one of its directors under express authority. Plaintiff's contract expired in June, but he continued his services until September without a written contract, and brought suit for compensation. He admitted that he had been informed that the director had no express authority to make a new contract, and he knew it was the custom for the director to have such explicit authority. *Held*, that it was error to refuse to instruct that, if the plaintiff dealt with the director knowing that he acted under certain and limited authority, and that his act in receiving plaintiff's services was in excess of his authority, the company was not liable.

Appeal from municipal court, borough of Brooklyn, First district.

Action by Clement B. Newkirk against the National Wall Paper Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Moses Weinman (Louis Malthaner, on the brief), for appellant.
Louis Hasbrouck Newkirk, for respondent.

WILLARD BARTLETT, J.   For about eight years prior to the 1st day of July, 1900, the plaintiff was employed as a salesman by the defendant under yearly contracts, in writing, executed, by the express authority of the defendant's board of directors, by George C. V. Brand, who was himself a member of the board of directors, and who, in signing the contract, described himself as manager of the Warren, Fuller & Co. branch of the defendant's business.   In April, 1900, the plaintiff spoke to Mr. Brand about a new contract, asking him if the National Wall Paper Company was offering the salesmen a new contract.   Mr. Brand responded that he had heard nothing from the company concerning a new contract.   Plaintiff responded, "I presume if they don't need our services they will let a fellow know."   Mr. Brand does not appear to have made any answer to this remark.   The plaintiff's employment, under his written contract with the defendant, expired by the terms of that agreement on the last day of June, 1900.   About this time the plaintiff became acquainted with reports to the effect that the National Wall Paper Company was about to give up business, and that Mr. Brand contemplated a purchase of the Warren & Fuller branch of the enterprise.   Mr. Brand informed him that if he succeeded in these negotiations, and his new company acquired the plant, he would continue plaintiff in the employment of the new company as a salesman, and would pay him from the 1st day of July.   Notwithstanding this interview, plaintiff claims to have gone on working for the National Wall Paper Company, and rendering services similar to those which he rendered under his written contract, until early in September, when he was notified that the plant was to be closed.   In this suit he sought to recover $500 as the reasonable value of his services.   The jury awarded him $250, and the defendant has appealed.

The principal issue on the trial related to the apparent authority of Mr. Brand to employ the plaintiff after the termination of his written contract.   I have read the stenographer's minutes of the trial with care, and I am strongly inclined to think that the verdict was against the weight of evidence.   In my opinion, the preponderance of proof is to the effect that Mr. Brand neither had any authority nor appeared to have it, and that the plaintiff was aware of the fact.   It also seems to me that the amount awarded is plainly excessive, in view of the plaintiff's own testimony as to the very little work done by him during the period for which he claims compensation.   Aside from either of these matters, however, there was serious error in refusing to instruct the jury, which requires a reversal of the judgment.   The defendant's counsel asked the court to charge "that, if Mr. Newkirk dealt with Mr. Brand, knowing that he acted under certain and limited authority, and that his act in

receiving the services of Mr. Newkirk was in excess of the authority conferred upon him by the National Wall Paper Company, then the National Wall Paper Company is not bound." This the court declined to charge, and the defendant excepted. The refusal was error. It was only upon the theory of an agency on the part of Mr. Brand, express or implied, to employ the plaintiff, that the defendant could be held liable at all. There was no attempt to prove express authority for the employment, and the plaintiff cannot invoke the doctrine of apparent agency if he knew, as matter of fact, that no authority had been conferred upon the alleged agent. The plaintiff admitted having been informed by Mr. Brand that he had received no express authority or direction from the board of directors to make any new contracts, and he admits that he knew it was the custom "that Mr. Brand had to have that authority before he could make a contract." In view of this testimony, the defendant was entitled to have the jury instructed as requested, and the failure to charge the request may well have affected the result. I think a new trial must be ordered.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.